**S. FANO of Fagaalu, Plaintiff**

v.

**TELEULI and TULILOA, his wife, of Fagaalu, Defendant**

No. 2-1955

High Court of American Samoa

Civil Jurisdiction, Trial Division

March 4, 1955

ARTHUR A. MORROW, *Chief Judge;* MALEPEAI, *Associate Judge;* and LETULIGASENOA, *Associate Judge.*

### OPINION AND DECREE

Heard at Fagatogo en February 16, 1955, before MORROW, *Chief Judge,* and MALEPEAI and LETULIGASENOA, *Associate Judges.*

Peter Tali Coleman, guardian ad litem for Teleuli and counsel for both Teleuli and Tuliloa.

### OPINION OF THE COURT

MORROW, *Chief Judge.*

S. Fano, matai of the Fano Family of Fagaalu, filed his petition in behalf of himself and the other members of the Fano Family seeking the eviction of Teleuli and his wife Tuliloa from certain Fano land in Fagaalu. About a year and a half ago Teleuli was found to be non compos mentis by the Commission of Insanity. Peter Tali Coleman was duly appointed his guardian ad litem for this proceeding.

The facts are not in dispute. Teleuli is a member of the Velega Family of Ofu in Manua. His wife Tuliloa is a member of the Liufau Family of Aua in Tutuila. About

1940 Teleuli received permission from Fano Sailiata, the then matai of the Fano Family, to occupy certain Fano land in Fagaalu. Thereupon he entered upon such land and with his wife has occupied and used it almost continuously ever since. After clearing the land from the bush Teleuli built a European house and put in plantations on it for the use of himself and family.

In accordance with Samoan customs under the circumstances Teleuli rendered service to Fano Sailiata and also to Fano Solinuu, the successor to Fano Sailiata. He paid no rent for the premises as that term is understood by palagis.

S. Fano, the petitioner and present matai of the Fano Family, is the blood son of Fano Solinuu. Sometime before Fano Solinuu resigned from her mataiship he took over her duties as matai and late in June 1952 was registered as the matai of the Fano Family. While S. Fano was actually performing the duties of the matai in May 1951, he and Teleuli had some differences over Teleuli's furnishing some taro for guests of the Fano Family. As a result of these differences, Teleuli has refused to render any service in accordance with Samoan customs to the Fano title since May 28, 1951, although he and his wife have continued to occupy and use the Fano land.

█ It does not appear from the evidence that Teleuli was justified in discontinuing his service to the Fano title. It is the custom in Samoa when a person of one family occupies land of another family for such person to render service to the matai of the other family. Pursuant to that custom Teleuli did render service for more than 10 years to the Fano title prior to his discontinuing service in May 1951.

We think that the petitioner under the circumstances does have a right to have the defendants removed from the land involved, but that it would be unjust to order their

156

immediate removal leaving the Fano Family in possession of Teleuli's house and his plantations, both of which are the product of much hard labor by him and his wife and children. Clearing land from the bush involves a great amount of labor. It makes the land valuable. It is not to be forgotten that Teleuli was given permission by Fano Sailiata to occupy and use the land and in reliance on that permission he entered and built the house and put in the plantations.

■ In quite similar cases where the Court considered that an immediate eviction of the occupant of the land of another would be unjust, it has postponed removal for a period of time in order to give the occupant further use of his plantations before turning them over to the owner of the land. See *Sa-Lemeanai Family and Leasiolagi of Asu for the Fao Family v. Tomasi and Tulei of Iliili*, No. 22-1951 (High Court of American Samoa) and *Heirs of Lemeanai Family et al. v. Iosia of Tafuna*, No. 20-1953 (High Court of American Samoa). In the latter case the Court in the interest of justice not only permitted defendant Iosia to continue occupancy of the land for a period but authorized him to remove his houses thereon when the period should be concluded. In the Sa-Lemeanai case we said "Inasmuch as we find that Tomasi entered upon the land in accordance with Samoan customs under the authorization of and with the consent of Malama, later confirmed by Vao the matai of the Salemeanai family, we think it would be unjust, even though we do find that the disputed tract is Salemeanai family land, to order Tomasi and Tulei* to surrender possession now leaving their plantations, the product of their hard labor, behind for the use of the Salemeanai people." We also said in the same case that "We think that they (Tomasi and Tulei*) have a charge against the property under the circumstances." The above state-

---

* Tulei was Tomasi's wife.

157

ments from the Sa-Lemeanai case were quoted with approval in the Heirs of Lemeanai Family case.

We think it would be unjust in this case to turn Teleuli and his wife out of his house and plantations forthwith after he entered upon the land with permission of Fano Sailiata, cleared it, put in plantations and erected a house thereon. Under the circumstances, even though Teleuli has not rendered service to the Fano title in full as he should have done and even though the land belongs to the Fano title, it would not be morally right to oust him and his wife at once and to turn the cultivated land, the plantations and the house, all the product of his hard labor, over to the Fano Family.

We think Teleuli has a charge against the Fano land he occupies. Following the principles applied in the Sa-Lemeanai and Heirs of Lemeanai Family cases, *supra*, the charge can best be liquidated by permitting Teleuli and his wife to remain in possession of the land and to use it for residential and plantation purposes until Feb. 15, 1956, i.e. one year from the date of the hearing of this case. At that time Teleuli and his wife should vacate the property and if he desires, Teleuli may remove his house therefrom. The house stands on posts and can easily be removed. In the meantime Teleuli and his wife, or either of them, should not convert to plantation land any Fano land not now actually used by them for plantations. The Fano land occupied by Teleuli and his wife may not be sold to satisfy the charge. Sec. 1205, A. S. Code.

DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that Teleuli and his wife Tuliloa may continue to possess, occupy and use until Feb. 15, 1956, for plantation purposes that part of the Fano land on which Teleuli now has his plantations and they may also continue to use and

occupy for residential purposes until Feb. 15, 1956, that part of the Fano land on which Teleuli now has his house. At that time they shall vacate both such plantation land and residential land. However, Teleuli may take his house with him at that time if he so desires. Such plantations as may on Feb. 15, 1956, be on the part of said Fano land used for plantations shall be left by Teleuli and Tuliloa in an unharmed condition. This means that neither Teleuli nor Tuliloa shall damage any of the plantations on the said Fano land before vacating it.

Costs in the sum of $12.50 are hereby assessed against Teleuli and Tuliloa, the same to be paid within 60 days.